### In re REID'S WILL.
No. 52314.

County Judges' Court, Dade County.

July 5, 1961.

Joe Creel of Creel & Glasgow, Miami, for Forney B. Stafford.

D. H. Redfearn of Redfearn, Ferrell & Simon, Miami, for John B. Reid.

GEORGE T. CLARK, County Judge.

This matter came on to be heard upon the petition of Richard C. Carter, Jr. for the probate of the will of Madelon C. Reid, the answer of John B. Reid to said petition, and the evidence submitted by the parties. This will is dated January 31, 1961. The petitioner is the executor named in the will. The sole beneficiary under the will is Forney B. Stafford, the partner of the executor in the practice of law. John B. Reid is the surviving husband of the testatrix, but these parties had not lived together for several years prior to the execution of the will.

John B. Reid contests the validity of the will upon the following grounds — (1) Lack of testamentary capacity of the testatrix. (2) Undue influence of the sole beneficiary in connection with the making of said will.

After careful consideration of all of the evidence, the court finds that the preponderance of the evidence shows — (1) That at the time of the giving of the instructions for the preparation of the will and at the time of the execution of the will, Madelon C. Reid possessed testamentary capacity. (2) That the beneficiary, Forney B. Stafford, did not exercise undue influence upon Madelon C. Reid in connection with the making of said will.

The court further finds that the relation of attorney and client existed between the beneficiary and the testatrix in the preparation and execution of the will — the will was prepared by the partner of the beneficiary and the execution of the will was supervised by an agent secured by said partner. This court does not approve such conduct on the part of an attorney. However, the presumption of undue influence on the part of the attorney-beneficiary in this case is clearly rebutted by the evidence submitted.

A denial of the probate of this will upon the evidence in this case would amount to a rewriting of Madelon C. Reid's will by the court. Such a rewriting of a will is not a proper function of a probate court.

It is, therefore, ordered and adjudged that the last will and testament dated January 31, 1961, attested by Mary Cooper, William Cooper and Mitchell J. Miodus as subscribing and attesting witnesses thereto, be and the same is hereby admitted to probate according to law as and for the true last will and testament of said Madelon C. Reid and that said will shall be duly recorded in the book of wills, and that the cost of recording the same be taxed as costs against this estate.

Let letters testamentary issue to Richard C. Carter, Jr., the executor named in said will, upon his taking and subscribing the prescribed oath.